UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONVERSE INC.<br><br>　　Plaintiff,<br><br>　　v.<br><br>STEVEN MADDEN, LTD.<br><br>　　Defendant. | Civil Action No. 1:20-cv-11032<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Converse Inc. ("Converse") for its Complaint against Defendant Steven Madden, Ltd. ("Steve Madden") alleges as follows:

### INTRODUCTION

1. Converse is a leading producer of original sneaker designs. One of its unique designs is the Run Star Hike. Steve Madden also sells sneakers, but instead of innovating its own designs, it often copies others. Steve Madden recently started selling sneakers that copy Converse's unique Run Star Hike design. Below is an example Converse Run Star Hike sneaker next to an example infringing Steve Madden sneaker.

| Converse Run Star Hike Sneaker | Steve Madden Infringing Sneaker |
|---|---|
| | |

1

## THE PARTIES

2. Converse is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 160 North Washington Street, Boston, Massachusetts 02114.

3. Steve Madden is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 52-16 Barnett Avenue, Long Island City, New York 11104.

4. Steve Madden's business comprises five segments: Wholesale Footwear; Wholesale Accessories/Apparel; Retail; First Cost; and Licensing. The Wholesale Footwear segment includes the Madden Girl brand. The Retail segment is comprised of Steve Madden's wholly-owned subsidiary Steven Madden Retail, Inc. ("Steven Madden Retail"), which operates Steve Madden's retail stores and e-commerce websites.

5. Steve Madden and its wholly-owned subsidiary Steven Madden Retail share officers and directors, and submit consolidated financial statements to the United States Securities and Exchange Commission.

6. Steve Madden, through its wholly-owned subsidiary Steven Madden Retail, is registered to conduct business in Massachusetts.

7. Steve Madden, through its wholly-owned subsidiary Steven Madden Retail, operates at least two retail stores in Massachusetts, including retail stores at 118 Newbury Street, Boston, Massachusetts 02116, and 551 Assembly Row, Somerville, Massachusetts 02145.

8. Steve Madden, through its wholly-owned subsidiary Steven Madden Retail, operates an e-commerce website that is accessible throughout the United States, including in Massachusetts.

## JURISDICTION AND VENUE

9. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Steve Madden because it regularly solicits and conducts business in this District and engages in other persistent courses of conduct in this District. This Court also has personal jurisdiction over Steve Madden because, on information and belief, it derives substantial revenue from goods and services sold to persons or entities in this District and commits acts of infringement in this District, including but not limited to offering to sell and selling products that infringe Converse's patents at issue in this lawsuit.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because Steve Madden maintains a regular and established place of business in this District and has committed, and continues to commit, acts of infringement in this District, including but not limited to offering to sell and selling products that infringe Converse's patents at issue in this lawsuit.

## FACTUAL BACKGROUND

12. Founded in Massachusetts in 1908, Converse is a leading producer of original sneaker designs.

13. Converse has produced several iconic sneaker designs over the past century. One of its more recent designs is the Run Star Hike design shown below.



14. Converse's Run Star Hike sneaker debuted on a London runway in September 2018. Converse released the sneaker for sale in the United States in February 2019.

15. Converse's Run Star Hike sneaker enjoyed instant interest and success because of its unique design.

16. Converse's Run Star Hike design is an important component of Converse's strategy, and it is integral to Converse's success moving forward.

17. Converse has taken steps to protect its Run Star Hike design, including by filing and obtaining design patents. Relevant to this dispute, Converse owns all right, title, and interest in, and has the right to sue and recover for past, present, and future infringement of, design patents related to its Run Star Hike design, including at least the design patents identified in the table below (the "Run Star Hike Patents").

| Table 1: Run Star Hike Patents ||||
|---|---|---|---|
| U.S. Pat. No. | Title | Issue Date | Complaint Exhibit |
| D873,547 (the "'547 patent") | Shoe | January 28, 2020 | A |
| D874,106 (the "'106 patent") | Shoe | February 4, 2020 | B |

18. The U.S. Patent Office duly and legally issued the Run Star Hike Patents. As such, the Run Star Hike Patents are presumed to be valid.

19. After Converse introduced and patented its Run Star Hike design, Steve Madden began using the Run Star Hike design without Converse's permission.

20. In early March 2020, Steve Madden began offering for sale and selling an infringing sneaker it calls the Madden Girl Winnona Flatform High-Top sneaker. An example of the Madden Girl Winnona Flatform High-Top sneaker is shown below.



21. The Madden Girl Winnona Flatform High-Top Sneaker bears a design that, in the eye of an ordinary observer, is substantially the same as the design claimed in Converse's '106 patent. The illustrations below show this similarity, with representative images of the claimed design alongside representative images of the Madden Girl Winnona Flatform High-Top sneaker. The claimed portion of the design is highlighted for reference.





22.     On March 19, 2020, Converse notified Steve Madden pursuant to 35 U.S.C. § 287 that it was infringing Converse's '106 patent by making, using, selling, offering to sell, and/or importing the Madden Girl Winnona Flatform High-Top sneaker and any other sneakers that bear a substantially similar design.  Converse demanded that Steve Madden immediately stop infringing.  Steve Madden did not respond.

23.     A month later, on April 20, 2020, Converse again notified Steve Madden it was infringing Converse's '106 patent by making, using, selling, offering to sell, and/or importing the Madden Girl Winnona Flatform High-Top sneaker and any other sneakers that bear a substantially similar design.  Converse again demanded that Steve Madden immediately stop infringing.

24.     On about April 23, 2020, before it responded to Converse's notices, Steve Madden began offering for sale and selling an additional infringing sneaker style it calls the Shark sneaker. Steve Madden launched the Shark sneaker in four colorways: Shark White, Shark Black Canvas, Shark Black Studs, and Shark White Multi.  Examples are shown below.



25.     Steve Madden launched the Shark sneakers nationwide, including through its e-commerce website.  On information and belief, the Shark Black Canvas sold-out in a matter of days, and the Shark Black Studs, the Shark White, and the Shark White Multi were available for pre-order with an expected ship date of June 30, 2020.

26.     The Shark sneaker bears a design that, in the eye of an ordinary observer, is substantially the same as the design claimed in Converse's '106 patent.  The illustration below shows this similarity, with representative images of the claimed design alongside representative images of the Shark sneaker.  The claimed portion of the design is highlighted for reference.



27. The Shark sneaker also bears a design that, in the eye of an ordinary observer, is substantially the same as the design claimed in Converse's '547 patent. The illustration below shows this similarity, with representative images of the claimed design alongside representative images of the Shark sneaker. The claimed portion of the design is highlighted for reference.



| Converse's '547 Patent | Infringing Sneaker |
|---|---|

28. On April 24, 2020, after it launched its infringing Shark sneaker, Steven Madden finally responded to Converse. Steve Madden refused to stop selling its infringing Madden Girl Winnona Flatform High-Top sneaker. Steve Madden did not mention it had also launched an additional infringing sneaker style, the Shark sneaker.

29. On May 7, 2020, Converse informed Steve Madden that it had escalated its infringing activity by continuing to sell its Madden Girl Winnona Flatform High-Top sneaker, and further by releasing its additional infringing Shark sneaker. Converse again demanded that Steve Madden immediately stop infringing.

30. Steve Madden did not stop infringing. Instead, on about May 11, 2020, Steve Madden released an additional colorway of its infringing Shark sneaker. An example of the additional colorway—the Shark White with Studs—is shown below. The Shark White with Studs infringes Converse's '106 and '547 patents for the same reasons as the other Shark sneakers.



31. Steve Madden continues to infringe Converse's Run Star Hike Patents by making, using, selling, offering to sell, and/or importing infringing sneakers into this District and elsewhere in the United States without the consent or authorization of Converse.

32. On information and belief, Steve Madden promotes and sells its infringing sneakers at retail stores throughout the United States, including at retail stores located in Massachusetts.

33. On information and belief, Steve Madden also promotes and sells its infringing sneakers throughout the United States, including in Massachusetts, through its e-commerce website at https://www.stevemadden.com/.

### COUNT I
### (INFRINGEMENT OF THE '106 PATENT UNDER 35 U.S.C. § 271)

34. Converse re-alleges and incorporates by reference the allegations set forth in paragraphs 1–33 of this Complaint.

35. Steve Madden, without authorization from Converse, has made, used, offered for sale, sold, and/or imported in or into the United States, and continues to make, use, offer for sale,

sell, and/or import in or into the United States, sneakers having designs that infringe the '106 patent, including at least the Madden Girl Winnona Flatform High-Top sneaker, the Shark sneaker, and any other sneaker bearing a substantially similar design.

36. Steve Madden's infringement has been willful, intentional, and deliberate, at least as of the date Converse provided Steve Madden notice of infringement. Steve Madden knew or should have known that continuing to make, use, offer to sell, sell, and/or import its infringing sneakers into the United States would directly infringe the '106 patent, yet Steve Madden infringed, continues to infringe, and is escalating its infringement of the '106 patent.

37. Converse has been and will continue to be irreparably harmed by Steve Madden's infringement of the '106 patent.

38. Converse has no adequate remedy at law for Steve Madden's infringement of the '106 patent.

39. Steve Madden's infringement of the '106 patent will continue unless enjoined by this Court.

## COUNT II
### (INFRINGEMENT OF THE '547 PATENT UNDER 35 U.S.C. § 271)

40. Converse re-alleges and incorporates by reference the allegations set forth in paragraphs 1–33 of this Complaint.

41. Steve Madden, without authorization from Converse, has made, used, offered for sale, sold, and/or imported in or into the United States, and continues to make, use, offer for sale, sell, and/or import in or into the United States, sneakers having designs that infringe the '547 patent, including at least the Shark sneaker and any other sneaker bearing a substantially similar design.

42. Steve Madden's infringement has been willful, intentional, and deliberate, at least as of the date Converse provided Steve Madden notice of infringement. Steve Madden knew or should have known that continuing to make, use, offer to sell, sell, and/or import its infringing sneakers into the United States would directly infringe the '547 patent, yet Steve Madden infringed, continues to infringe, and is escalating its infringement of the '547 patent.

43. Converse has been and will continue to be irreparably harmed by Steve Madden's infringement of the '547 patent.

44. Converse has no adequate remedy at law for Steve Madden's infringement of the '547 patent.

45. Steve Madden's infringement of the '547 patent will continue unless enjoined by this Court.

## JURY DEMAND

46. Pursuant to Federal Rule of Civil Procedure 38(b), Converse hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Converse respectfully prays for:

A. A judgment and order that Steve Madden has infringed Converse's Run Star Hike Patents by making, using, offering to sell, selling, and/or importing infringing sneakers into the United States;

B. A judgment and order permanently enjoining Steve Madden and its affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with Steve Madden, from infringing Converse's Run Star Hike Patents;

      C.      A judgment and order requiring Steve Madden to pay Converse damages adequate to compensate Converse for Steve Madden's infringements of Converse's Run Star Hike Patents pursuant to 35 U.S.C. § 284, or the total profit made by Steve Madden from its infringements of Converse's Run Star Hike Patents pursuant to 35 U.S.C. § 289;

      D.      A judgment and order requiring Steve Madden to pay Converse supplemental damages or profits for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

      E.      A judgment and order requiring Steve Madden to pay Converse increased damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284, including at least for Steve Madden's willful infringements;

      F.      A judgment and order requiring Steve Madden to pay Converse pre-judgment and post-judgment interest on any damages or profits awarded;

      G.      A determination that this action is an exceptional case pursuant to 35 U.S.C. § 285;

      H.      An award of Converse's attorneys' fees for bringing and prosecuting this action;

      I.      An award of Converse's costs and expenses incurred in bringing and prosecuting this action; and

      J.      Such further and additional relief as this Court deems just and proper.

Dated: May 29, 2020						Respectfully submitted,

						 /s/ John P. Iwanicki
						John P. Iwanicki (BBO# 556465)
						Banner & Witcoff, Ltd.
						28 State Street, Suite 1800
						Boston, Massachusetts 02109
						Telephone: (617) 720-9600
						Facsimile: (617) 720-9601
						jiwanicki@bannerwitcoff.com

						Christopher J. Renk
						Michael J. Harris
						Banner & Witcoff, Ltd.
						71 South Wacker Drive, Suite 3600
						Chicago, Illinois 60606
						Telephone: (312) 463-5000
						Facsimile: (312) 463-5001
						crenk@bannerwitcoff.com
						mharris@bannerwitcoff.com

						*Attorneys for Plaintiff Converse Inc.*