United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Converse Inc., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No. |
| | ) | 20-11032-NMG |
| Steven Madden, Ltd., | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a dispute between Converse Inc. ("Converse" or "plaintiff") and Steven Madden, Ltd. ("Madden" or "defendant") over the design of sneakers sold by Madden which allegedly infringe on patents held by Converse. Pending before the Court is the motion of defendant to dismiss, in part, Count I of plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**I.  Background**

Converse is a manufacturer of footwear headquartered in Boston, Massachusetts. Its "Run Star Hike" sneaker was introduced in London in 2018 and released for sale in the United States in 2019. Converse has filed applications and obtained patents related to the design of that sneaker, including U.S.

-1-

Design Patent Nos. D873,547 ("the '547 Patent") and D874,106 ("the '106 Patent").

Madden, based in New York, manufactures footwear, handbags and accessories. In the spring of 2020, it began selling two brands of sneakers relevant to the instant action: "the Madden Girl Winnona Flatform HighTop Sneaker" ("the Winnona Sneaker") and the "Shark Sneaker." Converse notified Madden on three separate occasions in March, April and May, 2020 that, in its opinion, the Winnona and Shark Sneakers infringe on the '547 and '106 Patents and to cease and desist from such infringement. Madden refused and continued to sell the purportedly infringing sneakers.

Converse filed suit in this Court in May, 2020, asserting two counts against Madden for infringement of the '106 Patent by the Winnona and Shark Sneakers (Count I) and infringement of the '547 Patent by the Shark Sneaker (Count II) in violation of 35 U.S.C. § 271. In September, 2020, Madden filed a motion to dismiss Count I as it pertains to the Winnona Sneaker for failure to state a plausible claim of infringement.

II.  **Motion to Dismiss**

    A.  **Legal Standard**

To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may only look to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 228 F.3d 1127 (1st Cir. 2000).

Furthermore, the Court must accept all factual allegations in the claim as true and draw all reasonable inferences in the claimant's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the claim are sufficient to state a cause of action, a motion to dismiss must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all the factual allegations in a claim, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Threadbare recitals of legal elements which are supported by

mere conclusory statements do not suffice to state a cause of action. Id.

**B.   Application**

Madden seeks dismissal of Count I as it relates to the Winnona Sneaker.  It contends that the patent infringement claim is facially implausible because the tread design on the sole of the Winnona Sneaker, which extends the full length of the shoe, cannot infringe on the substantially different tread design claimed in the '106 Patent because the latter covers only the rear portion of the sole.  Converse responds that it is premature to presume the necessary claim construction and, in any event, Madden has presented no evidence to establish that the claimed and accused designs are clearly dissimilar.

Courts may dismiss claims of design infringement on Rule 12(b)(6) motions where it finds that no reasonable fact-finder could find infringement as a matter of law. See MSA Prods. v. Nifty Home Prods., 883 F. Supp. 2d 535, 540 (D.N.J. 2012) (collecting cases).  To make a determination as to design infringement, courts ask whether an

> ordinary observer . . . would be deceived into believing that the accused product is the same as the patented design.

Steven Madden, Ltd. v. Laurent, No. 18-CV-7592, 2019 U.S. Dist. LEXIS 77863, at *5 (S.D.N.Y. May 8, 2019) (quoting Crocs, Inc. v. Int'l Trade Comm'n, 598 F.3d 1294, 1303 (Fed. Cir. 2010)). Conducting such an analysis involves a "side-by-side" comparison of the design patent illustrations with photographs of the accused product. Id. at *7.  Dismissal is appropriate where no ordinary observer could determine that the two designs are substantially the same. See MSA Prods., 883 F. Supp. 2d at 541.

The parties have provided illustrations of the '106 Patent and photographs of the allegedly infringing Winnona sneaker in the complaint and the pleadings related to the instant motion. Comparing those images side-by-side, it is clear that they are not "plainly dissimilar" to the point of warranting dismissal of Converse's claims. See Silverman v. Attilio Giusti Leombruni S.P.A., No. 15 Civ. 2260, 2016 U.S. Dist. LEXIS 20775, at *3 (S.D.N.Y. Feb. 19, 2016).  Instead, it is possible that an ordinary consumer would be confused or deceived into believing that the accused product is the patented design.

The patent illustration and the Winnona sneaker are virtually identical in many ways, including with respect to the rear sole tread pattern which constitutes plaintiff's claimed design.  The only obvious difference between the two designs is

that the tread pattern extends the full length of the Winnona sneaker while the tread pattern is missing from the middle of the sole in the '106 Patent. That the designs are not identical is not, however, dispositive of the instant motion because a finding of infringement requires only that the accused design and the patented design be "substantially the same." Laurent, 2019 U.S. Dist. LEXIS 77863, at *6.

The cases cited by Madden in support of dismissal are easily distinguishable. In Silverman, the Court found the patented and accused designs to be "plainly dissimilar" because they were used on different kinds of shoes, covered different portions of the soles of the shoes and used different forms of camouflage. 2016 U.S. Dist. LEXIS 20775, at *6-7. Similarly, in Laurent, the Court held that patent infringement had not been plausibly alleged where the patented design was a high-heeled shoe and the accused design was a flat sandal. 2019 U.S. Dist. LEXIS 77863, at *7-8. Finally, in MSA Prods., the patented storage unit was a different shape and size than the allegedly infringing product. By contrast, the '106 Patent and the Winnona sneaker are the same kind of shoe and the design involves the same pattern of tread.

Because of the substantial similarities between the designs at issue in this case, the dismissal of part of Count I is unwarranted at this early stage in the litigation.

**ORDER**

For the foregoing reasons, the motion of defendant Steven Madden, Ltd. to dismiss Count I of the complaint, in part, (Docket No. 19) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 2, 2021